**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
28 Geary Street, Ste. 650, #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com
brittany@skclassactions.com

*Attorneys for Plaintiff*

*Additional attorneys listed on*
*signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF FUS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CORPORATION,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Krzysztof Fus ("Plaintiff"), on behalf of himself and all others similarly situated, bring this class action against Defendant Bayer Corporation ("Bayer" or "Defendant"). Plaintiff makes the following allegations based on the investigation of his counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on personal knowledge.

## INTRODUCTION

1.      This is a putative class action lawsuit on behalf of purchasers of One A Day Men's Pre-Conception Health Multivitamins (the "Product"):

 

2.      Defendant manufactures, markets, and sells the Product in thousands of stores throughout the United States, including the state of California.

3.      Defendant specializes in developing, marketing, and selling consumer health care products, such as vitamins and supplements to consumers. In 2025, Defendant's consumer health division sold approximately €1.45 billion (~$ 1.7 billion) in vitamins and supplements.

4.      Defendant prominently advertises, markets, and sells the Product as multivitamin

that improves "Men's Pre-Conception Health" and "Supports Healthy Sperm" the "Fertility Representations"). The Fertility Representations promise that the Product will improve chances of conception and support sperm health and viability.

5.    Defendant intentionally misleads consumers into believing that the Product will improve their fertility by improving the chances of conception and supporting sperm health and viability. It does this because consumers desire products that will improve their fertility.

6.    However, unbeknownst to consumers, the Product does not in fact provide any of these fertility benefits.

7.    As such, Defendant has engaged in widespread false and deceptive conduct by designing, marketing, manufacturing, distributing, and selling the Product with the Fertility Representations. Every package of the Product misleads consumers into believing the Product will improve their fertility.

8.    Plaintiff and Class members purchased the Product, which are designed, marketed, manufactured, distributed, and sold by Defendant. Further, Plaintiff and Class members relied to their detriment on Defendant's Fertility Representations, when the Product does not in fact improve fertility. Plaintiff and Class members would not have purchased the Product – or would not have paid as much as they did to purchase them – had they known the Fertility Representations were false. Plaintiff and Class Members thus suffered monetary damages as result of Defendant's deceptive and false representation.

9.    Plaintiff brings this action individually, and on behalf of similarly situated individuals who purchased the falsely and deceptively labeled Product for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, fraud, and unjust enrichment.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class

CLASS ACTION COMPLAINT

are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of a state different from Defendants.

11. This Court has specific jurisdiction over Defendant because it conducts substantial business within California, including the sale, marketing, and advertising of the Product. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to claims herein occurred in this District, including Plaintiff's purchase.

**PARTIES**

13. Plaintiff Krzysztof Fus is a citizen and resident of, California, who has an intent to remain there, and is therefore a domiciliary of California. At the time of purchase, Plaintiff was a resident of Emeryville, California. On November 9, 2023, Plaintiff purchased One A Day Men's Pre-Conception Health Multivitamins from Amazon.com for $14.99. Prior to his purchase of the Product, Plaintiff reviewed the product's labeling and packaging and saw that his Product was labeled and marketed as being "Pre-Conception" multivitamin that would "Support Healthy Sperm." Based on the Fertility Representations, Plaintiff believed he was purchasing a product that would improve his fertility. Plaintiff relied on Defendant's Fertility Representations in deciding to purchase his Product. Accordingly, the Fertility Representations were part of the basis of the bargain, in that he would not have purchased his Product on the same terms had he known the Fertility Representations were not true. In making his purchase, Plaintiff paid a price premium for a product that would improve his fertility

14. Plaintiff remains interested in purchasing vitamins that truly improve fertility and would consider purchasing the Product in the future if Defendant ensured the Fertility Representations were accurate and truthful. However, he cannot know for certain whether the false labeling of the Product has been corrected. The composition of the Product may change over time, but Plaintiff will be unable to rely on the Product's Fertility Representations in the future as he will not be able to determine whether the Product truly improves fertility.

15.    Defendant Bayer Corporation is an Indiana corporation with its principal place of business at Whippany, New Jersey. Defendant formulates, manufactures, labels, markets, distributes, and sells the Product nationwide. Defendant has maintained substantial distribution and sales in this District.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

**I.    Defendant Misrepresents That The Product Improves Fertility**

16.    Defendant falsely and misleadingly labels the Product with the Fertility Representations:

 

17.     Similarly, Defendant's marketing and advertising emphasize that the Product will improve the likelihood of conception and support sperm health and viability:



18.     An investigation by the BBB National Program's National Advertising Division ("NAD") found that the Fertility Representations reasonably conveyed the message that the product improves men's chances of conception and improves sperm health and viability.

19.     However, NAD found that the ingredient testing in Defendant's records did not support the Fertility Representations and recommended that Defendant discontinue or modify the claims to avoid conveying the unsupported message that the Product will improve chances of conception or improves sperm health.

20.     Moreover, scientific studies on the ingredients in the Product have shown that the ingredients purporting to provide fertility benefits have little to no effect on fertility.

21.     For example, *Effect of Folic Acid and Zinc Supplementation in Men on Semen Quality and Live Birth Among Couples Undergoing Infertility Treatment*[1] found that dietary

---

[1] Schisterman, et al., *Effect of Folic Acid and Zinc Supplementation in Men on Semen Quality and Live Birth Among Couples Undergoing Infertility Treatment. JAMA*. 2020;323(1):35–48. doi:10.1001/jama.2019.18714

supplements containing zinc and folic acid did not significantly improve live birth rates or semen quality when compared to a placebo.

22.    Similarly, in research entitled *Tomatoes and Sperm: Investigating the Role of Lycopene in Semen Quality*,[2] researchers from England's National School of Healthcare Science found that there were no associations between dietary lycopene and semen quality.

23.    *The Effect of Oral Vitamin E on Semen Parameters and IVF Outcome: A Double-Blinded Randomized Placebo-Controlled Clinical Trial*[3] found that there were no significant differences in sperm volume, count, motility, and morphology following Vitamin E supplementation in men. Further, the study found that pregnancy outcomes were the same between treatment and placebo groups.

**II.    The Fertility Representations Harm Consumers**

24.    Plaintiff and Class members purchased and paid a premium for the Product in reliance on the Fertility Representations, reasonably believing the Product would improve fertility.

25.    Plaintiff's and Class members' reasonable belief that the Product would improve fertility was a significant and material factor in their decisions to purchase the and paid a premium for the Product.

26.    At the time of purchase, Plaintiff and Class members did not know, and had no reason to know, that the Product would not improve fertility because of how the Product is deceptively labeled and advertised including the Fertility Representations to create the impression that the Product will improve fertility.  Nothing on the Product's labeling indicates the Product would not improve fertility as promised.

27.    At the time of purchase, Defendant knew that the Product would not improve fertility and thus, was incapable of complying with the Fertility Representations.

---

[2] https://nshcs.hee.nhs.uk/research-projects/tomatoes-and-sperm-investigating-the-role-of-lycopene-in-semen-quality/

[3] Sabetian, S., et al. *The Effect of Oral Vitamin E on Semen Parameters and IVF Outcome: A Double-Blinded Randomized Placebo-Controlled Clinical Trial.* Biomed Res Int. 2021 Oct 11;2021:5588275. doi: 10.1155/2021/5588275.

28.    Defendant knew that Plaintiff and Class members would rely on the Fertility Representations and would therefore, reasonably believe the Product would improve fertility.

29.    Because of the Fertility Representations, Plaintiff and Class Members were induced to make purchases they otherwise would not have, but for the belief that the Product would improve fertility.

30.    Plaintiff and Class members would not have purchased the Product had they known that the Product would not improve fertility.

31.    Plaintiff and Class members paid a price premium for the Product because of the Fertility Representations.

32.    Therefore, Plaintiff and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Fertility Representations.

**III.    No Adequate Remedy at Law**

33.    Plaintiff and members of the California Subclass are entitled to equitable relief as no adequate remedy at law exists.

34.    **Broader Statues of Limitations.**  The statutes of limitations for the causes of action pled herein vary.  The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL and CLRA.  Thus, without application of tolling, California Subclass Members who purchased the Product more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL.  Similarly, California Subclass Members who purchased the Product prior to the furthest reach-back under the statute of limitations for breach of warranty or fraud will be barred from recovery if equitable relief were not permitted for restitution/unjust enrichment.

35.    **More Prompt, Certain, and Efficient.**  Legal remedies are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief.  Legal claims for damages are not equally certain as restitution because claims under the UCL and other equitable claims entail few elements.

36.    **Broader Scope of Conduct.**  In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein.  It includes,

for example, Defendant's overall unfair marketing scheme to promote and brand the Product with the Feritlity Representation, including the Product's label and packaging, over a long period of time, in order to gain an unfair advantage over competitor products and to take advantage of consumers' desire for products that comport with the Fertility Representations. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar representations and omissions made on the type of products at issue).  Thus, Plaintiff and the California Subclass may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of Plaintiff (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct; common law fraud claims require a showing of actual deception or reliance).

37.    **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff and the California Subclass because Defendant continues to misrepresent the Product with the Fertility Representations. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm - none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of removing the Fertility Representations is necessary to dispel the public misperception about the Product that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts.  An injunction requiring removal of the claim will prevent the ongoing deception and repeat purchases based thereon.  It is also not available through a legal remedy (such as monetary damages). In addition, injunctive relief is necessary because, because discovery and Plaintiff's investigation has not yet completed.  Moreover, example, because the court has not yet certified any class, the

following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Product sales, and quantities of past/future Product sales.

38. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

39. **Procedural Posture - Incomplete Discovery & Pre-Certification.** Lastly, this is an initial pleading in this action, and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves the right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## IV. Fed. R. Civ. P. 9(B) Allegations

40. Although Defendant is in the best position to know what content it placed in its marketing materials during the relevant timeframe, and the knowledge that it had regarding the true nature of the Product and specifically, whether the Product improved fertility, to the extent necessary, Plaintiff satisfies the requirements of Rule 9(b) by alleging the following facts with particularity:

41. **Who**: Defendant engaged in the deceptive and fraudulent conduct through its Fertility Representations on the Product's packaging and labeling, and marketing materials, in written form.

42. **What**: Defendant's conduct here through its Fertility Representations, were and continue to be fraudulent. Defendant's conduct is deceptive because it uniformly misrepresented the Product with the Fertility Representations while omitting and concealing that the Product does

not improve fertility for the reasons stated in Section I, which is in direct conflict with the Fertility Representations and the expectations of reasonable consumers including Plaintiff and Class Members.  Defendant's conduct deceived Plaintiff and the Class into believing that the Product would improve fertility. Defendant knew, or should have known, that this information is material to reasonable consumers, including Plaintiff and the Class, in making their purchasing decisions. However, Defendant omitted and concealed necessary information that the Product would not improve fertility. No reasonable consumer would expect that the Product, marketed with the Fertility Representations would not improve fertility.

43.    **When**: Defendant made the Fertility Representations on the Product, detailed herein, during the class period and prior to and at the point of sale, leaving Plaintiff and the Class unaware of the true nature of the Product prior to purchasing and paying a premium for them.

44.    **Where**: Defendant's Fertility Representations were made on the Product's packaging and labeling, and marketing materials, through employees, and through authorized retailers as well as in the name of the Product.

45.    **How**: Defendant disseminated its Fertility Representations in written and electronic form, or conventional hardcopy form, as well as verbally through statements made by its employees and authorized retailers.

46.    **Why**: Defendant made the Fertility Representations for the express purpose of inducing Plaintiff and the Class to rely on it in purchase the Product, the effect of which was that Defendant profited by selling the Product to many thousands of consumers.

47.    **Injury**: Plaintiff and the Class purchased, paid a premium, or otherwise paid more for the Product when they otherwise would not have absent the Fertility Representations.

## CLASS ACTION ALLEGATIONS

48.    ***Class Definition***: Plaintiff brings this action on behalf all people in the following classes and subclasses (collectively referred to as "Class Members"):

**Nationwide Class**: all people in the United States who purchased the Product for personal or household use during the last four years.

CLASS ACTION COMPLAINT

**California Subclass**: all people in California who purchased the Product for personal or household use during the last four years.

49.     Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by amendment or in the motion for class certification, including through the use of multi-state subclasses to account for material differences in state law, if any.

50.     Specifically excluded from the putative classes are Defendant and any entities in which Defendant have a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

51.     *Numerosity*. Class Members are so numerous that their individual joinder herein is impracticable. On information and belief, each Class or Subclass includes thousands of consumers. The precise number of Class Members and their identities are unknown to the Plaintiff at this time but may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant, its agents, or other means.

52.     ***Commonality and Predominance***. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.  Common legal and factual questions include, but are not limited to:

      a.     Whether Defendant misrepresented and/or failed to disclose material facts concerning the Product;

      b.     Whether the omissions and representations on the Product's label, the Product's marketing materials, or any single omission or representation, is false, misleading, and/or deceptive;

      c.     Whether Defendant's conduct in advertising and selling the Product amounted to unlawful, unfair, and/or deceptive business practices;

      d.     Whether Defendant breached an express and/or implied warranty created through the labeling and marketing of its Product;

      e.     Whether Plaintiff and the Class Members are entitled to equitable and/or

injunctive relief;

    f.    Whether Plaintiff and the Class Members have sustained damage as a result of Defendant's unlawful conduct;

    g.    The proper measure of damages sustained by Plaintiff and the Class Members; and

    h.    Whether Defendant was unjustly enriched by its unlawful practices.

53. *Typicality*. The claims of the Plaintiff are typical of the claims of the Class Members in that Plaintiff and the Class Members sustained damages as a result of Defendant's uniform wrongful conduct, as alleged above.

54. *Adequacy*. Plaintiff will fairly and adequately protect the interests of Class Members. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the classes.  Plaintiff has no interests that are antagonistic to those of the Class Members. Plaintiff has no past or present financial, employment, familial, or other relationship with any of the attorneys in this case that would create a conflict of interest with the proposed Class Members.

55. *Superiority*. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for Class Members; the Class Members are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

56. Defendant has acted or failed to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief with respect to the Class Members as a whole.

57. Without a class action, Defendant will continue a course of action that will result in further damages to the Plaintiff and Class Members and will likely retain the benefits of its wrongdoing.

CLASS ACTION COMPLAINT

## COUNT I
**Violation of California's Consumer Legal Remedies Act
Cal. Bus. & Prof. Code § 1750, *et seq.*
(On Behalf of the California Subclass)**

58. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

60. Plaintiff and the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

61. Plaintiff, Class Members, and Defendant have engaged in "transactions" as that term is defined by California Civil Code § 1761(e).

62. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

63. As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the other Class Members that the Product would improve fertility when in fact the Product does not improve fertility.

64. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7), and (a)(9).

65. Defendant's Fertility Representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

66. Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Product. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

67. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Product.

68.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the California Subclass.

69.    Plaintiff and the California Subclass were injured as a direct and proximate result of Defendant's conduct because (1) they would not have purchased the Product if they had known that the Product would not improve fertility; and (2) they overpaid for the Product because the Product is sold at a price premium due to Defendant's misrepresentations.

70.    Accordingly, Plaintiff, on behalf of himself and all other members of the California Subclass, seeks to enjoin the unlawful acts and practices described herein.

71.    On May 5, 2026, a CLRA demand letter was sent to Defendant's headquarters and registered agent, via certified mail with return receipt requested.  This letter provided notice of Defendant's violation of the CLRA, for Plaintiff and the class, and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged herein.

**COUNT II**
**Violation of California's False Advertising Law**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
**(On Behalf of the California Subclass)**

72.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

73.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

74.    Defendant's acts and practices, as described above, have deceived and are likely to continue to deceive Class Members and the public.  As described throughout this Complaint, Defendant misrepresented the Product would improve fertility. By its actions, Defendant disseminated uniform advertising regarding the Product to and across California and the United States.  The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of Cal. Bus. & Prof. Code §§ 17500, *et seq.*  Such advertisements were intended to – and likely did – deceive the consuming public.

75.    The above-described false, misleading, and deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant represented that the

-13-

Product would improve fertility, when in fact the Product does not improve fertility.

76.    In making and disseminating these statements, Defendant knew, or reasonably should have known, that its advertisements were untrue and misleading in violation of California law.  Plaintiff and the California Subclass based their purchasing decision on Defendant's Fertility Representations.  Plaintiff and the California Subclass were injured in fact and lost money as a result.

77.    The misrepresentations by Defendant about the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute a violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

78.    As a result of Defendant's wrongful conduct, Plaintiff and the Class Members lost money in an amount to be proven at trial.  Plaintiff and the Class Members are therefore entitled to restitution as appropriate for this cause of action.

79.    Plaintiff seeks all available relief under the FAL.

**COUNT III**
**Violation of California's Unfair Competition Act**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of the California Subclass)**

80.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

81.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

82.    California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice."  For the reasons discussed above, Defendant has engaged unlawful, unfair, and fraudulent business acts or practices in violation of California Business and Professions Code § 17200.

83.    Defendant has violated the UCL by engaging in unlawful business practices by violating the CLRA, Cal. Civ. Code §§ 1770 (a)(5), (a)(7), and (a)(9), by violating California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by violating California's Business and Professional Code § 17580.5, and by violating the common law by, inter alia,

-14-
CLASS ACTION COMPLAINT

making false representations and warranties concerning the Product and retaining the unlawfully obtained benefit therefrom.  Plaintiff reserves the right to allege additional violations of law which constitute other unlawful business acts or practices.

84.    Defendant has also violated the UCL's prohibition on unfair business practices because its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

85.    There were reasonably available alternatives to further Defendant's legitimate business interest other than by engaging in the conduct described above.

86.    Defendant has further violated the UCL's prohibition on fraudulent business practices by making knowingly, or that which Defendant reasonably should know, false and misleading representations and warranties about its Product which were likely to deceive the consuming public within the meaning of Bus. & Prof. Code § 17200.

87.    Plaintiff and the California Subclass suffered a substantial injury by virtue of buying a Product they would not have purchased absent Defendant's unlawful, unfair, and fraudulent marketing and advertising about the capability of its Product.

88.    There is no benefit to consumers or competition from marketing claiming that the Product would improve fertility when it would not.

89.    Plaintiff and the California Subclass had no way of reasonably knowing that the Product they purchased was not marketed, packaged, or labeled accurately.  Thus, they could not have reasonably avoided the injury each of them suffered.

90.    The gravity of the consequences of Defendant's conduct as described outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace.  Such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the California Subclass.

91.    Plaintiff seeks all available relief under the UCL.

CLASS ACTION COMPLAINT

## COUNT V
### Unjust Enrichment
**(On Behalf of the Class and California Subclass)**

92.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

93.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

94.    To the extent required by law, Plaintiff alternatively styles this cause of action as a quasi-contract claim seeking restitution.

95.    Plaintiff and the Class members conferred benefits on Defendant by purchasing the Product.

96.    Defendant has been unjustly enriched in retaining the revenues derived from the Plaintiff and Class members' purchases of the Product.  Retention of those monies under these circumstances is unjust and inequitable because Defendant warranted that the Product would improve fertility when it will not.  Defendant's misrepresentations caused injuries to Plaintiff and the Class because they would not have purchased the Product if the true facts were known.

97.    Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class for its unjust enrichment, as ordered by the Court.

98.    Plaintiff and the Class have suffered an injury in fact and have lost money as a result of Defendant's unjust conduct.  They lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

## COUNT VI
### Fraud
**(On Behalf of the Class and California Subclass)**

99.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

100.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

-16-
CLASS ACTION COMPLAINT

101.    As discussed above, Defendant provided Plaintiff and Class and Subclass members with false or misleading material information about the Product, including but not limited to the fact that the Product would improve fertility.

102.    These misrepresentations were made with knowledge of their falsehood.

103.    The misrepresentations made by Defendant, upon which Plaintiff and Class and Subclass members reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and Class and Subclass members to purchase the Product.

104.    The fraudulent actions of Defendant caused damage to Plaintiff and Class and Subclass members, who are entitled to damages and other legal and equitable relief as a result.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.  For an order certifying the classes, naming Plaintiff as the representative of the classes, and naming Plaintiff's attorneys as Class Counsel to represent the classes;

b.  For an order declaring Defendant's conduct violates the statutes referenced herein;

c.  For an order finding in favor of Plaintiff and the classes on all counts asserted herein;

d.  For actual, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as pleaded or as the Court may deem proper; and

h.  For an order awarding Plaintiff and the classes their reasonable attorney fees, expenses, and costs of suit.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

CLASS ACTION COMPLAINT

DATED: May 8, 2026    Respectfully submitted,

         **SMITH KRIVOSHEY, PC**

         By: */s/ Brittany S. Scott*
           Brittany S. Scott

         **SMITH KRIVOSHEY, PC**
         Yeremey O. Krivoshey (State Bar No. 295032)
         Brittany S. Scott (State Bar No. 327132)
         28 Geary Street, Ste. 650, #1507
         San Francisco, CA 94108
         Phone: 415-839-7000
         E-Mail:  yeremey@skclassactions.com
           brittany@skclassactions.com

         **SMITH KRIVOSHEY, PC**
         Joel D. Smith (State Bar No. 244902)
         867 Boylston Street, 5th Floor, Ste. 1520
         Boston, MA 02116
         Phone: 617-377-7404
         E-Mail:  joel@skclassactions.com

         *Attorneys for Plaintiff and the Putative Classes*

CLASS ACTION COMPLAINT

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Brittany S. Scott, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am a partner at Smith Krivoshey, PC, counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint, including Plaintiff's purchase, occurred in the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Oakland, California this 8th day of May 2026.

                                        _/s/ Brittany S. Scott_____
                                        Brittany S. Scott

-19-
CLASS ACTION COMPLAINT